UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| KEVIN W. TARPLEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:19-cv-00030-SNLJ ) |
| MICHAEL MCMEADE, et al., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Kevin W. Tarpley for leave to commence this civil action without prepayment of the filing fee. (Docket No. 2). While incarcerated, plaintiff has brought three or more civil actions in federal court that were dismissed as frivolous, malicious, or for failure to state a claim. Accordingly, for the reasons discussed below, the Court will deny plaintiff's motion for leave to proceed in forma pauperis and dismiss plaintiff's complaint without prejudice.

### The Complaint

Plaintiff is currently an inmate at South Central Correctional Center in Licking, Missouri. He brings this civil action pursuant to 42 U.S.C. § 1983, naming Sheriff Michael McMeade and the Butler County Sheriff's Department as defendants. Sheriff McMeade is sued in both his official and individual capacity.

Plaintiff states that in October of 2016, while incarcerated in the Butler County Jail, he got into a physical altercation with another inmate. (Docket No. 1 at 5). As a result of this altercation, he was placed in segregation. While in segregation, plaintiff alleges that he was not allowed to use the toilet. Accordingly, he "peed in a cup and threw it under the cell door." When Sheriff McMeade

saw what plaintiff had done, he purportedly entered the cell and began hitting plaintiff on the head. Sheriff McMeade also allegedly kneed plaintiff in the back. Plaintiff adds that when this assault occurred, he was in a wheelchair and had only one leg.

Plaintiff asserts that he was not allowed to call anyone, but did tell Sheriff Marcus Unknown and Sheriff Liz Unknown what occurred. He claims they "did nothing," yet also states that they took him to see "Dr. Tom," the "brother of Sheriff Liz." Plaintiff states that no investigation ever took place, despite the marks on him from the assault.

Plaintiff alleges that he has "ongoing back problems" from being kneed in the back, as well as recurring migraines from being hit in the head. (Docket No. 1 at 6). He seeks $750,000 in damages. He also wants charges filed against Sheriff McMeade.

## Discussion

Plaintiff seeks leave to commence this § 1983 action without prepayment of the required filing fee. Because plaintiff has had three previous cases dismissed on the basis of frivolity, maliciousness, or for failure to state a claim, his motion to proceed in forma pauperis will be denied and his case dismissed without prejudice.

### A. The Three Strikes Provision of 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act of 1996 enacted what is commonly known as the "three strikes" provision of 28 U.S.C. § 1915(g). *Orr v. Clements*, 688 F.3d 463, 464 (8th Cir. 2012). Section 1915(g) provides in relevant part:

> In no event shall a prisoner bring a civil action…under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action…in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

2

28 U.S.C. § 1915(g). This section does not apply unless the inmate litigant has three strikes at the time he files his lawsuit or appeal. *Campbell v. Davenport Police Dep't*, 471 F.3d 952, 952 (8th Cir. 2006). Prisoners who have had three previous civil lawsuits or appeals dismissed as frivolous, malicious, or for failure to state a claim must prepay the entire filing fee. *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997).

### B. Plaintiff's Previous "Strikes"

Review of this Court's files reveals that plaintiff has accumulated three strikes prior to the filing of the instant action. First, in *Tarpley v. Ford*, No. 2:07-cv-37-DDN (E.D. Mo. Nov. 6, 2007), plaintiff's pro se complaint was dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff did not file an appeal. Second, in *Tarpley v. Ford*, 2:08-cv-18-DDN (E.D. Mo. May 16, 2008), plaintiff's pro se complaint was dismissed as legally frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff did not file an appeal. Finally, in *Tarpley v. Ford*, No. 2:08-cv-25-JCH (E.D. Mo. May 28, 2008), plaintiff's pro se complaint was dismissed as legally frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff did not file an appeal. All three of these cases were dismissed for either frivolity, maliciousness, or failure to state a claim; therefore, all constitute strikes pursuant to 28 U.S.C. § 1915(g).

### A. Imminent Danger

Pursuant to § 1915(g), an indigent inmate who has acquired three strikes may still file a lawsuit if he or she is under imminent danger of serious physical injury. *Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2001). This exception provides a "safety valve for the three strikes rule to prevent impending harms." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). However, for this exception to apply, an otherwise ineligible prisoner must be in imminent danger at the time of

filing. *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). Allegations of past imminent danger are not enough to trigger the exception to § 1915(g). *Id.*

Here, plaintiff has not alleged that he is in imminent danger of serious physical injury. His allegations concern an alleged assault that took place in the Butler County Jail in August of 2016, approximately two-and-a-half years before the filing of this lawsuit. There is no indication that he is at any risk of a reoccurrence of this alleged assault. Indeed, the Court notes that plaintiff is now incarcerated at the South Central Correctional Center, not the Butler County Jail. As noted above, allegations of past imminent danger are insufficient to warrant the exception to § 1915(g). Moreover, plaintiff has not demonstrated that he is facing any impending harm. Therefore, the Court will deny plaintiff's motion to proceed in forma pauperis and dismiss this action without prejudice to plaintiff refiling a fully-paid complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice to plaintiff refiling a fully-paid complaint. *See* 28 U.S.C. § 1915(g). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 10th day of June, 2019.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE